WENDY J. OLSON, IDAHO BAR NO. 7634
UNITED STATES ATTORNEY
**ROBERT C. GRISHAM, IDAHO BAR NO. 2623**
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 PARK BOULEVARD, SUITE 600
BOISE, ID 83712-9903
TELEPHONE:  (208) 334-1211
FACSIMILE:  (208) 334-1414

Attorneys for Defendant United States of America, by and through Department of Interior, Bureau of Indian Affairs

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LILIAN JACKSON; VERONDA MOSHO, ELAINE MCKEAN; MARGIE WHITEHORSE; BLAINE JACKSON; LAVON JACKSON, SR.; LAVON JACKSON, JR.; ABIGAIL RAMSEY and DEBRA BILLY, all individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS; J.W. DUNFORD & ASSOCIATES, INC., an Idaho corporation; JOSEPH WILLIAM DUNFORD; ZACHARY P. MOORE and JOHN DOES 1-10,<br><br>Defendants. | Case No.  4:09-CV-00214-BLW<br><br>**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS'S MOTION FOR SUMMARY JUDGMENT FILED NOVEMBER 22, 2010** |

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 1**

COMES NOW defendant United States of America, by and through Robert C. Grisham, Assistant United States Attorney for the District of Idaho, and hereby submits its reply to the plaintiffs' response to defendant United States' motion for summary judgment.

## ARGUMENTS

**A.      The plaintiffs have consented to the entry of summary judgment in favor of the United States on their FTCA claims.**

The plaintiffs' complaint alleges three FTCA claims:  (1) under the doctrine of respondeat superior, the United States is responsible for the negligence of Dunford in performing the appraisal; (2) the United States was negligent in selecting Dunford as the appraiser; and (3) the United States was negligent in approving Dunford's appraisal report.  The United States has argued all of the plaintiffs' FTCA claims should be dismissed because:  (1) the independent contractor exception bars a claim against the United States based on the alleged negligence of Dunford; (2) the discretionary function exception to the FTCA bars the plaintiffs' claim that the United States was negligent in selecting Dunford; (3) the misrepresentation exception to the FTCA bars the plaintiffs' claim that the United States was negligent in approving Dunford's appraisal report; and (4) there is no evidence supporting the plaintiffs' negligence claims.  (Mem. in Support of the United States' Mot. for Summ. J. ("United States Mem.") at 5-13.)  The plaintiffs did not address these arguments in their response. Pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.1(e), the plaintiffs' failure to respond must be deemed to constitute a consent to the entry of summary judgment in favor of the United States on their FTCA claims.

**B.      This court lacks jurisdiction over the plaintiffs' breach of fiduciary duty claim.**

The United States has argued the plaintiffs' breach of fiduciary duty claim, which seeks money damages, is enforceable only in the United States Court of Federal Claims through the

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 2**

Tucker Act or the Indian Tucker Act.  (United States Mem. at 13.)  In their response, the plaintiffs argue this Court has supplemental jurisdiction over their breach of fiduciary duty claim under 28 U.S.C. § 1367.  However, "[f]ederal courts have consistently held that the Court of Federal Claims' exclusive jurisdiction over Tucker Act claims is not overridden by supplemental jurisdiction."  *Tucson Airport Auth. v. General Dynamics Corp.*, 922 F. Supp. 273 (D. Ariz. 1996); *United States v. Park Place Associates, Ltd.*, 563 F.3d 907, 933-34 (9th Cir. 2009) (dicta, relying on *Dia Navigation Co., Ltd. v. Pomeroy*, 34 F.3d 1255, 1267 (3rd Cir. 1994) and *Pershing Div. of Donaldson, Lufkin & Jenrette Sec. Corp. v. United States*, 22 F.3d 741, 744 (7th Cir. 1994)).  Therefore, this Court must dismiss the plaintiffs' breach of fiduciary duty claim.

Plaintiffs alternatively seek to transfer the breach of fiduciary duty claim to the Court of Federal Claims.  Under 28 U.S.C. § 1631, a federal court may transfer a case to another federal court when (1) the transferring court lacks subject matter jurisdiction; (2) the case could have been brought in the transferee court at the time it was filed; and (3) such a transfer is in the interests of justice.  *See Rodriguez v. United States*, 862 F.2d 1558, 1559-60 (Fed. Cir. 1988) (*citing Town of N. Bonneville, Wash. v. U.S. Dist. Ct., Western Dist. of Wash.*, 732 F.2d 747, 750 (9th Cir. 1984)).  The transferee court must have jurisdiction over the Complaint as it was pled and it is not in the interests of justice to transfer a case where the transferee court does not have jurisdiction, and there has been no exhaustion of administrative remedies.

Here, the plaintiffs have not pled a Tucker Act claim under 28 U.S.C. § 1491(a).  The only claim of jurisdiction they have has pled is under the Federal Tort Claims Act.  (*See* Compl. at 2 ¶ 7.)  While pleading under 28 U.S.C. § 1346(b), they have not sought to even invoke the Little Tucker Act jurisdiction of 28 U.S.C. 1346(a).  The Tucker Act jurisdiction and the jurisdiction of the United States Court of Federal Claims is premised upon any claim against the

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES
OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 3**

United States "founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a). No statutes or regulations are even cited in the plaintiffs' Complaint that could be the basis for a claim under § 1491(a). Plaintiffs' citations to regulations come only in their response to the United States' motion for summary judgment. (*See* Pl. Opp'n at 12-13.) *McKeel v. Islamic Republic of Iran*, 722 F.2d 582, 591 (9th Cir. 1983), *cert. denied*, 469 U.S. 880 (1984) (Where a case could not originally have been brought in the Claims Court because plaintiffs sought only declaratory relief, and did not plead money damages against the United States, and where the statute of limitations on such a claim had not yet run, the Court of Appeals found transfer of the case to the Court of Federal Claims was not appropriate.)

Moreover, here it would also not be in the interests of justice to transfer a case where the plaintiffs never attempted to exhaust administrative remedies. As such, a transfer presumes jurisdiction in the transferee court. 28 U.S.C. § 1631; *Omega World Travel v. United States*, 9 Cl. Ct. 623, 626 (1986). It is far from clear that the Court of Federal Claims would be able to entertain the plaintiffs' claims as a result of the plaintiffs' failure to first exhaust mandatory administrative remedies. *See Ace Prop. & Cas. Ins. Co. v. United States*, 60 Fed. Cl. 175, 187 (2004). The plaintiffs have not alleged that they have exhausted their administrative remedies on their demand that they have not received what the regulations they allege require. Plaintiffs must argue to the BIA whatever they claim was inadequate about the BIA's performance of its duties; they must show what was not done by the BIA that was required by the regulation or the statute. *Begay v. Pub. Serv. Co. of N.M.*, 710 F. Supp. 2d 1161, 1203-1211 (D.N.M. 2010). Whatever defects claimed in the acts of the BIA must be brought first in the administrative arena. *Begay* followed this Circuit's guidance in *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES
OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 4**

(9th Cir. 1988) ( the plaintiffs alleged general "poor performance on the part of the government as trustee for the Tribe's natural resources on its reservation in Arizona").[1]

RESPECTFULLY SUBMITTED this 6th day of December, 2010.

                                  WENDY J. OLSON
                                  UNITED STATES ATTORNEY

                                  /s/ Robert C. Grisham
                                  ROBERT C. GRISHAM
                                  Assistant United States Attorney

---

[1] Given the Court of Federal Claims has no jurisdiction under over the claim, even after the exhaustion of administrative remedies, there is no jurisdiction to render a decision on whether there are any fiduciary money mandating duties that rise to a claim for damages under the Tucker Act. *See* 28 U.S.C. § 1491(a). If the court decides transfer is appropriate, the determination of whether there is a fiduciary duty and whether it has been violated is for the Court of Federal Claims to decide. In any event, it is not clear that the regulations that plaintiffs rely upon create money mandating fiduciary duties. The grantor under the regulations makes the decision on whether to sell or not and the price to sell the property. Such decisional authority undercuts the finding of a fiduciary duty. *See United States v. Navajo Nation*, 537 U.S. 488, 507 (2003) (statutory scheme did not "give the Federal Government full responsibility to manage Indian resources . . . for the benefit of the Indians"). Not all leasing responsibilities amount to fiduciary duties. *See Brown v. United States*, 42 Fed. Cl. 538, 552 (1998), *aff'd*, 195 F.3d 1334, 1338 (Fed. Cir. 1999).

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 5**

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of December, 2010, the **Reply to Plaintiffs' Response to Defendant United States of America by and through the Department of Interior, Bureau of Indian Affairs's Motion for Summary Judgment Filed November 22, 2010**, was electronically filed with the Clerk of the Court using the CM/ECF system which sent a Notice of Electronic Filing to the following person(s):

Dwight E. Baker
BakerHarrisLaw@cableone.net

Jonathan W. Harris
Jwharris@bakerharrislaw.com

Phillip J. Collaer
pcollaer@ajhlaw.com

And, I hereby certify that the following listed non-registered CM/ECF participants were served by:

☐ United States Mail, postage prepaid
☐ Federal Express
☐ Hand-delivery
☐ Facsimile transmission (fax)


/s/ Janis Malm
Janis Malm
Legal Assistant

**REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES
OF AMERICA'S MOTION FOR SUMMARY JUDGMENT  - Page 6**