Dwight E. Baker, ISB No. 1350
Jonathan W. Harris, ISB No. 6261
BAKER & HARRIS
266 West Bridge Street
Blackfoot, Idaho 83221
Telephone: (208) 785-2310
Facsimile: (208) 785-6749
E-Mail: jwharris@bakerharrislaw.com

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| LILIAN JACKSON; VERONDA MOSHO, ELAINE MCKEAN; MARGIE WHITEHORSE; BLAINE JACKSON; LAVON JACKSON, SR.; LAVON JACKSON, JR.; ABIGAIL RAMSEY and DEBRA BILLY, all individuals, | Case No. 4:09-cv-00214-BLW |
| Plaintiffs, | **PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS; J.W. DUNFORD & ASSOCIATES, INC., an Idaho corporation; JOSEPH WILLIAM DUNFORD; ZACHARY P. MOORE and JOHN DOES 1-10, | |
| Defendants. | |

COMES NOW, Plaintiffs Lilian Jackson, Veronda Mosho, Elaine McKean, Margie

Whitehorse, Blaine Jackson, LaVon Jackson, Sr., LaVon Jackson, Jr., Abigail Ramsey, and Debra

Billy, by and through their attorneys of record, Dwight E. Baker and Jonathan W. Harris of the law

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 1**

firm of BAKER & HARRIS, and hereby file their surreply to Defendant United States of America,

by and through The Department of Interior, Bureau of Indian Affairs' Reply Memorandum in

Support of Motion for Summary Judgment [Docket #'s 42 and 29].

For the first time in this case the Defendant United States of America, by and through The

Department of Interior, Bureau of Indian Affairs ("BIA") asserts that Plaintiffs failed to exhaust

administrative remedies.  The BIA states in its Reply Memorandum at page 4 "Plaintiffs never

attempted to exhaust administrative remedies." The BIA does not assert this as an affirmative

defense in its Answer to the Complaint, rather the BIA admits in its Fourth Affirmative Defense that

Plaintiffs made an administrative claim and that Plaintiffs' recovery is limited to the amount of the

administrative claim.  Furthermore, prior to filing of this Sur-Reply and the accompanying affidavit

the only evidence in the record pertaining to Plaintiffs' administrative claim is Deposition Exhibit

1[1], which is Plaintiffs' administrative claim to the BIA.[2] Not previously in the record is the BIA's

denial of Plaintiffs' administrative claim which is attached as Exhibit A to the Affidavit of Jonathan

W. Harris in support of this Sur-Reply. The BIA's denial letter provides in relevant part:

> If you are dissatisfied with this determination you have the right to
> file suit in an appropriated United States district court within six
> months of the date of mailing of this determination or to request
> reconsideration by this office within the same time period.

---

[1] Plaintiffs asserted in their administrative claim that the BIA was liable for damages under
a variety of legal theories including breach of fiduciary duties.  *See* Deposition exhibit 1, page bate
stamped D00078.

[2] Deposition Exhibits 1-28 are attached as Exhibit H to the Affidavit of Phillip J. Collaer.

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF
AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN
AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 2**

Thus, Plaintiffs most certainly did exhaust administrative remedies and it is very difficult to imagine how the U.S. Attorney could represent to the Court that Plaintiffs had failed to exhaust administrative remedies. It should be noted that the U.S. Attorney cited nothing in the factual record or pleadings to support his claim that Plaintiffs did not exhaust administrative remedies.

Notwithstanding, the foregoing there are other problems with the BIA's exhaustion argument which are evident in its approach to the issue. If there were administrative remedies available to Plaintiffs for redress of their grievances which Plaintiffs had not exhausted, the BIA would have asserted Plaintiffs' failure in that regard as an affirmative defense and sought dismissal of Plaintiffs case for that reason as well. That is how the BIA defended itself in the cases cited by the BIA, namely *Begay v. Pub Serv. Co. of N.M.*, 710 F.Supp. 2d 1161, 1203-1211 (D.N.M. 2010) and *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988).

Instead the BIA concocts an argument that in the interest of justice this Court should not transfer Plaintiffs' case to the Court of Claims because Plaintiffs failed to exhaust administrative remedies. However, the BIA does not cite any statutes, regulations or cases which indicate that Plaintiffs are required to exhaust administrative remedies, beyond what they already have done. Plaintiffs' counsel is not aware of any authority which requires Plaintiffs to exhaust additional administrative remedies.

Furthermore, if there are additional administrative remedies which Plaintiffs could have exhausted, exhausting additional administrative remedies in this case would have been futile. The BIA approved the appraisal done by Dunford and thereafter approved the sale whereby Plaintiffs sold their land pursuant to the appraisal amount. Plaintiffs did not discover that there was problem with

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT - 3**

appraisal until after they had already sold their land.  At that juncture it is too late for Plaintiffs to

file some type of administrative appeal with the BIA and request that the BIA reconsider its approval

of the appraisal and its approval of the sale.  The Shoshone-Bannock Tribe had already purchased

the land and there is nothing to suggest that the BIA would have the power to compel the tribe to

give the land back to Plaintiffs or pay Plaintiffs a reasonable fair market amount for the property. *See*

*Begay v. Pub Serv. Co. of N.M.*, 710 F.Supp. 2d 1161, 1191 (D.N.M. 2010)(explaining that one

exception to the exhaustion requirement is where "an administrative remedy may be inadequate

'because of some doubt as to whether the agency was empowered to grant effective relief'")(citations

omitted).  All that could reasonably be done after the property had already been sold was for

Plaintiffs to assert a claim for damages which they did in their administrative claim which was of

course denied.

Either a party is required to exhaust administrative remedies or they are not.  If they are

required to exhaust administrative remedies then a party's failure to do so is a bar to litigation which

seeks to address the same grievance.  *Begay* at 1191 (stating that a party's failure to exhaust

mandatory administrative remedies is a bar to the court hearing the party's claim). The BIA never

argued that Plaintiffs' case should be dismissed for failure to exhaust administrative remedies, but

rather only that this Court should refuse transfer to the Court of Claims.  If transferring this case to

the Court of Claims is necessary for Plaintiffs' breach of fiduciary duty claims to be addressed on

their merits then the Court do so without regard to the BIA's exhaustion argument.

**PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF
AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN
AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY
JUDGMENT - 4**

DATED this _16th_ day of December, 2010.

BAKER & HARRIS

Jonathan W. Harris

CERTIFICATE OF SERVICE

I hereby certify that on the _16th_ day of December, 2010, the within and foregoing **PLAINTIFFS' SUR-REPLY IN RESPONSE TO DEFENDANT UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS' REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** was electronically filed with the Clerk of the Court using the Bankruptcy Court's CM/ECF filing system, and upon such filing the CM/ECF registered participants in this case were served by electronic means.

Phillip J Collaer
pcollaer@ajhlaw.com, mdonnelly@ajhlaw.com,clong@ajhlaw.com

Robert C Grisham
Robert.Grisham@usdoj.gov,Karen.Sellman@usdoj.gov,janis.malm@usdoj.gov,Pamela.Hamlin@usdoj.gov,usaid.ecfnotice@usdoj.gov

Jonathan W. Harris