IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LILIAN JACKSON, VERONDA MOSHO, ELAINE MCKEAN; MARGIE WHITEHORSE; BLAINE JACKSON; LAVON JACKSON, SR.; LAVON JACKSON, JR.; ABIGAIL RAMSEY and DEBRA BILLY, all individuals,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA by and through THE DEPARTMENT OF INTERIOR, BUREAU OF INDIAN AFFAIRS; J.W. DUNFORD & ASSOCIATES, INC.; an Idaho corporation; JOSEPH WILLIAM DUNFORD; ZACHARY P. MOORE.<br><br>Defendants. | Case No. 4:CV 09-214-BLW<br><br>**MEMORANDUM DECISION** |

## INTRODUCTION

The Court has before it motions for summary judgment filed by both defendants. The Court heard oral argument on December 21, 2010, and took the motions under advisement. For the reasons expressed below, the Court will grant the motions and transfer the fiduciary duty claim against the Government to the Federal Court of Claims.

## FACTUAL BACKGROUND

The plaintiffs are members of the Shoshone-Bannock Tribes. They owned 160

**Memorandum Decision - 1**

acres of trust land.  When they decided to put the land up for sale in 2006, they had to make an application with the Bureau of Indian Affairs (BIA).  The BIA sent out for bid the appraisal on this land, and more than a hundred other trust land appraisals.  The low bidder was defendant Dunford & Associates, Inc, owned by defendant Joseph Dunford.  Defendant Zachary Moore worked in the Dunford office.  The Court will refer to these defendants collectively as Dunford.

The BIA entered into a contract with Dunford to do the appraisal.  At all times, Dunford dealt exclusively with the BIA and had no dealings with the plaintiffs.  Dunford appraised the 160 acres of land at $24,000, finding that its highest and best use was as range land.  The appraisal was sent to the Portland BIA office where it was approved.  The BIA then notified the plaintiffs of the amount of the appraisal although the plaintiffs were not shown the appraisal report.  The plaintiffs approved the appraised amount, and the BIA then discussed with the Tribes whether the Tribes wanted to purchase the property.  Ultimately, the Tribes did purchase the property for the $24,000 figure.

Later, plaintiffs hired another appraiser who concluded that the land was worth $272,000 as farm land.  The plaintiffs filed this suit against the Government and Dunford, alleging that plaintiffs were shortchanged by the appraisal.

## GOVERNING STANDARD

One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).  It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by

**Memorandum Decision - 2**

which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id. at 327*. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The evidence must be viewed in the light most favorable to the non-moving party, *id.* at 255, and the Court must not make credibility findings. *Id.* Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Id.* at 256-57. The non-moving party must go beyond the pleadings and show "by her affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine issue of material fact exists. *Celotex,* 477 U.S. at 324.

**Memorandum Decision - 3**

## ANALYSIS

**Claims Against the United States**

At the start of oral argument, plaintiffs conceded that their FTCA claims against the Government should be dismissed and the Court will so order. That leaves the claim for breach of fiduciary duty.

That claim is enforced through the Tucker Act or the Indian Tucker Act. *U.S. v. Navajo Nation*, 129 S.Ct. 1547, 1551-52 (2009). The Indian Tucker Act, however, is not applicable to suits brought by individual tribal members such as this suit. *Boye v. US*, 423 F.2d 380 (Ct.Cl. 1970). Under the "Little Tucker Act" this Court has concurrent jurisdiction with the Claims Court over claims against the United States not exceeding $10,000, but the plaintiffs are seeking more than $10,000.

Thus, the sole jurisdictional basis for the breach of fiduciary duty claim is the Tucker Act, which states that claims over $10,000 vest exclusively in the Claims Court. Plaintiffs argued in their briefing that this Court has the authority to exercise supplemental jurisdiction over these claims. But having now agreed to dismiss their FTCA claim, plaintiffs have no other federal claim to which supplemental jurisdiction could attach. Moreover, numerous courts have held that no supplemental jurisdiction exists in any event. *See e.g., Dia Nav. Co. Ltd. v. Pomeroy*, 34 F.3d 1255 (3rd Cir. 1994); *Pershing Div. of Donaldson, Lufkin & Jenrette Secs. Corp. v. United States*, 22 F.3d 741, 743 (7th Cir.1994); *McKay v. United States*, 703 F.2d 464 (10th Cir.1983); *Ware v. United States*, 626 F.2d 1278, 1286-87 (5th Cir.1980); *Lenoir v. Porters Creek*

**Memorandum Decision - 4**

*Watershed* District, 586 F.2d 1081, 1088 (6th Cir.1978).

The remaining issue is whether the Court should dismiss the case or transfer it to the Court of Claims. The Government argues that the case should be dismissed in part because plaintiffs have failed to exhaust their remedies. But the Court need not reach that issue. The standard is simply whether a transfer is in "the interest of justice" and the action "could have been brought" in the Court of Claims at the time it was filed. *See* 28 U.S.C. § 1631. The Court notes that in similar circumstances, the Ninth Circuit transferred rather than dismissed a case. *Skokomish Indian Tribe v. U.S.*, 410 F.3d 506 (9th Cir. 2005). By this transfer, the Court is not resolving any jurisdictional challenge the Government might raise in the Court of Claims – the Court is merely finding that the fiduciary duty claim on its face is a claim that could have been brought there originally.

**Claims Against Dunford**

The Court will now turn to the claims against the Dunford defendants. At the start of oral argument, the plaintiffs conceded that their claim for breach of contract should be dismissed. The Court will so order, leaving only their claim for negligence.

Generally a plaintiff cannot recover for economic loss in a negligence action. *Duffin v. Idaho Crop Imp. Ass'n.*, 895 P.2d 1195 (Id.Sup.Ct. 1995). An exception applies when there is a "special relationship" between the parties. *Id.* The exception applies in "an extremely limited group of cases" where the "relationship between the parties is such that it would be equitable to impose such a duty." *Id.* at 1201. This would include the relationship between insurance agent and insured because the agent holds himself out to

**Memorandum Decision - 5**

the insured as having "expertise regarding a specialized function." *Id.* It also includes the relationship between an entity certifying seed and the farmer/customer. *Id.* In *Duffin*, the Duffins were farmers who agreed to purchase seed only if it was certified as being free from disease. The seed they agreed to buy was certified by the defendant Idaho Crop Improvement Association (ICIA). ICIA marketed itself to farmers as a reliable seed certification company, and the Duffins relied on that marketing in buying these seed. When the seeds proved defective, the Duffins sued for their economic loss caused by ICIA's negligence. The Idaho Supreme Court rejected ICIA's claim that the economic loss rule barred the negligence action because its marketing was targeting farmers like the Duffins who relied on ICIA's expertise. *Id.*

At oral argument in the present case, the Court asked plaintiffs' counsel for his best case, and counsel identified *Duffin*. But the case is distinguishable because the plaintiffs here had no dealings with Dunford and did not rely on its marketing program as the Duffins had relied on ICIA's marketing in *Duffin*. Dunford dealt exclusively with the Government, never targeting the plaintiffs with any marketing appeals to convince them to use Dunford's appraisal services. Ultimately, Dunford was selected by the Government because it was the low bidder with the necessary competence, not because of a marketing campaign stressing expertise.

The "special relationship" exists only in an "extremely limited group of cases" as quoted above. This group would expand significantly if extended to entities in Dunford's position. For this reason, the Court finds that no special relationship exists.

**Memorandum Decision - 6**

Economic loss might also be recovered in tort where the occurrence of a unique circumstance requires a different allocation of the risk. *Id.* Plaintiffs offered no argument on this exception and the Court finds that it does not apply.

Accordingly, the Court will grant Dunford's motion for summary judgment.

**Conclusion**

The Court has dismissed all claims except the breach of fiduciary duty claim against the Government. Because that claim could have been brought in the Court of Claims in the first instance, and because the interest of justice so demand, the Court will transfer the case there. The Court will enter a separate Judgment as required by Rule 58(a).

DATED: **December 23, 2010**



Honorable B. Lynn Winmill
Chief U. S. District Judge